THOMAS E. FRANKOVICH (State Bar No. 074414)
GEORGE S. KHOURY (State Bar No. 269738)
THOMAS E. FRANKOVICH,
*A PROFESSIONAL LAW CORPORATION*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    (415) 674-8600
Facsimile:    (415) 674-9900
Email:    tfrankovich@disabilitieslaw.com

Attorneys for Plaintiff
CRAIG YATES

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES,

      Plaintiff,

v.

BANGKOK THAI EXPRESS, INC., a
California Corporation dba BANGKOK
THAI EXPRESS; and DONALD J.
KELLEHER and DONNA B. KELLEHER,
Co-Trustees of THE KELLEHER FAMILY
TRUST of 1990, u/d/t dated July 14, 1990,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CASE NO.**
**Civil Rights**

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of
Access by a Public Accommodation in
Violation of the Americans with Disabilities Act
of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiff CRAIG YATES, complains of defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990 and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the disability community are members, for failure to remove architectural barriers structural in nature at defendants' BANGKOK THAI EXPRESS, a place of public accommodation, thereby discriminatorily denying plaintiff and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about June 4, 2013 and August 8, 2013, was an invitee, guest, patron, customer at defendants' BANGKOK THAI EXPRESS, in the City of San Rafael, California.  At said times and place, defendants failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance and restrooms.  The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; California Building Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 857 4th Street, in the City of San Rafael, County of Marin, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.    Plaintiff CRAIG YATES is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff CRAIG YATES is a "person with physical disabilities," as defined by all applicable California and United States laws.   Plaintiff CRAIG YATES is a triplegic.  Plaintiff CRAIG YATES relies on a wheelchair to travel about in public.  Plaintiff CRAIG YATES has no control over his left lower extremity, right lower extremity and left upper extremity, and plaintiff has very limited use of his right extremity: can use his wheelchair joystick; eat; can lift no more than approximately ten (10) pounds; and has major loss of rotation.  All Activities stated herein are with limited use of only his right hand, arm and shoulder.

///

Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6. **DEFINITIONS:**

   a. **ADAAG** - The Americans with Disabilities Act Accessibility Guidelines of 1990; and The Americans with Disabilities Act Accessibility Guidelines 2010 revision. (Used where applicable).

   b. **ARCHITECTURAL BARRIERS** - Architectural barriers are physical features that limit or prevent people with disabilities from obtaining the goods or services that are offered.  They can include but are not limited to the following examples:  parking spaces that are too narrow to accommodate people who use wheelchairs; a step or steps at the entrance or to part of the selling space of a store; round doorknobs or door hardware that is difficult to grasp; aisles that are too narrow for a person using a wheelchair; electric scooter, or a walker; a high counter or narrow checkout aisles at a cash register, and fixed tables in eating areas that are too low to accommodate a person using a wheelchair or that have fixed seats that prevent a person using a wheelchair from pulling under the table. Excerpted from the *"ADA Guide for Small Businesses"* with an interlineation modification. http://www.ada.gov/smbustxt.htm. (The descriptive use of the word "barriers" as used herein is synonymous with architectural barriers).

   c. **ELEMENTS -** An architectural or mechanical component of a building, facility, space, or site (e.g., telephone, curb ramp, door, flush valve, drinking fountain, seating, or water closet, toilet seat, dispensers) and/or placement or lack thereof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

d.   **CATEGORICAL ARCHITECTURAL BARRIERS -** Are elements and facilities which are, or can be architectural barriers standing alone or in combination with one another where the element(s)/facility(s) is/are noncomplying or where the combination thereof creates a category. For example:  such as a parking lot, entrance, restroom, lobby, guest room, dining area.

e.   **PHYSICAL FEATURES** - Are synonymous with "Elements."

f.   **FACILITY -** All or any portion of buildings, structures, site improvements, complexes, equipment, roads, walks, passageways, parking lots, or other real or personal property located on a site.

g.   **ENTRANCE -** Any access point to a building or portion of a building or facility used for the purpose of entering.  An entrance includes the approach walk, the vertical access leading to the entrance platform, the entrance platform itself, vestibules if provided, the entry door(s) or gate(s), and the hardware of the entry door(s) or gate(s).

h.   **CLEAR FLOOR SPACE -** The minimum unobstructed floor or ground space required to accommodate a single, stationary wheelchair and occupant.

i.   **ACCESSIBLE ROUTE -** A continuous unobstructed path connecting all accessible elements and spaces of a building or facility.  Interior accessible routes may include corridors, floors, ramps, elevators, lifts, and clear floor space at fixtures.  Exterior accessible routes may include parking access aisles, curb ramps, crosswalks at vehicular ways, walks, ramps, and lifts.

j.   **ACCESSIBLE SPACE/PATH OF TRAVEL -** Space that complies with ADAAG guidelines and is synonymous with accessible route.

k.   **NON COMPLYING -** Not complying with ADAAG and/or the "Readily Achievable Standard" of CFR 34.306.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7.     Defendants DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990 are the owners of the real property (land and building) located at or near 857 4th Street, San Rafael, California 94901.

8.     Defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990 (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as BANGKOK THAI EXPRESS, located at/near 857 4th Street, San Rafael,  California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, own and operate in joint venture the subject BANGKOK THAI EXPRESS as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///
///
///
///

10.    At all times relevant to this complaint, defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990 are jointly and severally responsible to identify and remove architectural barriers at the subject BANGKOK THAI EXPRESS pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201    General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The BANGKOK THAI EXPRESS is a restaurant, located at/near 857 4th Street, San Rafael, California 94901. The BANGKOK THAI EXPRESS, its entrance and restrooms, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the BANGKOK THAI EXPRESS and each of its facilities, its entrance and restrooms to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the California Building Code.

12.    On or about and before the year of 1990 through 2003, defendants' and each of them purchased and/or took possessory control of the premises now known as the BANGKOK THAI EXPRESS. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the BANGKOK THAI EXPRESS was not accessible to the disabled. Nevertheless, defendants' and each of them, operated the subject restaurant as though it was accessible.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

14.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the BANGKOK THAI EXPRESS being handicapped accessible and handicapped usable.

15.     On or about June 4, 2013 and August 8, 2013, plaintiff CRAIG YATES was an invitee and guest at the subject BANGKOK THAI EXPRESS, for purposes of food and beverage.  After sending notice (initial) letters on June 7, 2013, to the landlord and/or tenant about access problems, plaintiff returned to the subject BANGKOK THAI EXPRESS, for the purposes of participating in the goods and services provided and to see whether this public accommodation had been made more accessible.  A quarter of a century was now passing since the Americans with Disabilities Act of 1990 ("ADA") took effect.

16.     On or about June 4, 2013, plaintiff CRAIG YATES encountered the following architectural barriers at the entrance of BANGKOK THAI EXPRESS and as a legal result had the following adverse experiences:  The entry did not have a level landing, but a slope with a doorway which did not have sufficient strike side clearance to easily open the door.  Plaintiff CRAIG YATES had to make multiple movements in order to position his wheelchair. A difficult task.  While attempting to open the door, "Molly" came and opened the door for plaintiff.  He then entered.

17.     On or about June 4, 2013, plaintiff CRAIG YATES encountered the following architectural barriers at/in the men's restroom at BANGKOK THAI EXPRESS and as a legal result had the following adverse experiences:  Plaintiff CRAIG YATES had asked where the restrooms were located.  He was informed to use the women's restroom, because the men's restroom was not accessible.  Plaintiff CRAIG YATES used the women's restroom which had no signage.  He felt awkward and worried if a female might approach.  A table was next to the water closet and the flush control was on the inside.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The table made it difficult for plaintiff CRAIG YATES to position himself in his wheelchair and empty his leg bag. He had to strain/stretch to lean over and push the water closet handle. There were two (2) soap dispensers. None of the soap dispensers were properly placed. Plaintiff CRAIG YATES had to strain to reach the dispenser on the front wall.

18.     On or about June 7, 2013, plaintiff CRAIG YATES wrote two (2) letters. He wrote one letter to the landlord and one letter to the manager of Bangkok Thai Express. He wrote the following:

> "Recently, I visited Bangkok Thai Express. It's a very pleasant restaurant with good food. I enjoyed the restaurant very much even though there are a few access problems. I use a wheelchair and entering the restaurant was very difficult because there was no "strike side". Strike side is the clear space next to a door so that when the door is closed a person in a wheel chair, like me, can angle a wheelchair which makes opening the door a lot easier. Fortunately, a staff member noticed me at the door and came to open the door for me. Also, I had a few problems in the women's restroom, which is the accessible restroom. First, there was a big table next to the toilet which prevented me from getting next to toilet, second, the flush control was on the inside of the toilet next to the wall which prevented me from reaching it and third, the pipes under the sink were not wrapped. There is one more thing I would like to mention. The sign on the door for the accessible restroom states "WOMEN", so as to prevent any confusion for who can use the restroom and to prevent any embarrassment and discomfort when a male uses the restroom, you should change the name on the men's restroom door to read "Unisex" and on the women's restroom door a "Unisex" sign with the ISA emblem underneath it. The ISA emblem is a white wheelchair symbol on a blue background and the "Unisex" sign has a symbol of both a man and a women on it. I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix these problems. Anyway, please write me when you get this letter, tell me what you plan on doing and when it will be done. Give me a date If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

Plaintiff CRAIG YATES did not receive a response.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19.    On or about August 8, 2013, plaintiff CRAIG YATES returned to the BANGKOK THAI EXPRESS. "Molly" told plaintiff CRAIG YATES that she had received both of his letters but she had not given the owner his letter because of the following reasons: the owner was reluctant to make the repairs; she also told plaintiff CRAIG YATES that she was looking for a unisex sign and would make the women's restroom the unisex accessible restroom, but her supplier had not had one in stock; after twenty (20) years, the landlord had raised her rent up to 30%; and that she is now on a month-to-month lease.  Plaintiff CRAIG YATES had suggested that she get a CASP report and give it to the owner and a copy to him (plaintiff).

20.    On or about August 8, 2013, plaintiff CRAIG YATES saw that no changes had been made to the entry door at the subject restaurant.  However, he was able to enter the restaurant this time without a problem, because the door was propped open.

21.    On or about August 8, 2013, plaintiff CRAIG YATES encountered the following architectural barriers at the women's restroom and as a legal result had the following adverse experiences:  The table still hadn't been moved.  All of the same barriers as on June 4, 2013, were still there.  Plaintiff CRAIG YATES struggled to position his wheelchair and himself to empty his leg bag.  He strained to bend forward to reach the flush control with his only good hand.  He then fought to reach the same soap dispenser.  He was disappointed, frustrated and physically and mentally uncomfortable with the situation and what it had caused him, especially the fact that it would be so easy to remove the table from the women's restroom.

22.    On or about August 21, 2013, plaintiff CRAIG YATES wrote the manager of Bangkok Express a follow-up to his discussion with her on August 8, 2013.  He wrote the following:

> "This is a follow up to the conversation we had when I was there for dinner on August 8, 2013.  As I suggested to you it would be a good idea to retain a CASP inspector.  Retaining an inspector would be a very good idea because that way you can have a thorough inspection performed and know what things should be repaired.  You mentioned that the landlord was reluctant to spend money on repairs and would not help with the expense of a report.  You should know that not only is the tenant responsible for providing access but the landlord has a shared responsibility with you, the tenant, to provide access.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

I understand what you said about being on a month to month lease and the landlord could ask you to leave at anytime. That being the case he should share in the expense of the report and it is to his advantage when he rents to future tenants. You should give a copy of this letter to the landlord and ask him for assistance. Please write me as soon as you receive this letter and let me know when you will get a Casp inspector and when you plan to have this work completed. Thanks"

Plaintiff CRAIG YATES did not receive a response.

23. As of September 15, 2013, plaintiff CRAIG YATES wished to return to the BANGKOK THAI EXPRESS. He was deterred from doing so because he had believed that because he did not receive any response to his letter of August 21, 2013, that no remedial work had been done.

24. Therefore, at said times and place, plaintiff CRAIG YATES, encountered the following architectural barriers as stated herein or lack thereof and/or "elements" and "facilities" which constituted architectural barriers and/or categorical architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a.    lack of an accessible entrance;

    b.    lack of a handicapped-accessible women's public restroom;

    c.    lack of a handicapped-accessible men's public restroom;

    d.    lack of signage, policies, procedures and guidelines to ensure the person(s) with disabilities to the maximum extent possible have an opportunity to share in the same goods, services and opportunities as those afforded to able-bodied persons; and

    e.    on personal knowledge, information and belief, other public facilities and elements too numerous to list were inaccessible to plaintiff(s) and for use by other persons with physical disabilities similarly situated.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25.     Specific architectural barriers encountered by plaintiff CRAIG YATES at times and place herein in addition to categorical architectural barriers stated herein and the respective difficulties experienced by plaintiff as stated herein, the barriers include but are not limited to:

**ENTRANCE**

- no International Symbol of Accessibility (ISA) signage
- no level landing at entrance (approximately 4.6% slope; and door sets back approximately 5 ½');
- inaccessible entrance;
- lack of level landing due to a slope at the entrance;
- excessive door pressure (approximately 7.0 plus lbs.);
- almost no strike side clearance at door (approximately 5");

**RESTROOMS**

- noncomplying men's and women's restrooms; (unisex restroom and/or single accommodation for the disabled);
- door knobs and latches that require grasping, turning or pinching;
- toilet that is not usable as whole or in part (men's restroom centerline is at approximately 15"; 17" between lavatory and water closet; and toilet is 16" high);
- no grab bar(s) in men's restroom;
- flush control of toilet on the narrow side between wall and toilet tank wrong side in men's and women's restrooms;
- noncomplying water closet placement from wall men's restroom;
- dispenser(s) located too high/not usable men's and women's restrooms;
- soap dispenser(s) too high women's restroom;
- paper towel dispenser(s) too high or not properly placed in the men's and women's restrooms (approximately 50");

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
2
- toilet paper dispenser(s) at incorrect placement (mounted over toilet in the women's restroom);

3
4
- noncomplying mirror in the men's and women's restrooms (approximately 49");

5
- lavatory p-trap not insulated in the men's restroom;

6
7
- insufficient clear space men's and women's restrooms (the door swings inwardly);

8
- table in the women's restroom which blocks the water closet; and

9
- women's restroom was for the disabled, but signage is for "women."

10 There was no signage that the restroom was accessible and was unisex.

11 Therefore, as a legal result of encountering each of said elements, plaintiff experienced one, all,

12 or a combination of the following difficulties: stress, strain, difficulty, and discomfort to his

13 upper extremities in attempting to and/or using said elements also causing anxiety,

14 disappointment, and embarrassment.

15     26.    At all time as stated herein, plaintiff CRAIG YATES encountered architectural

16 barrier(s) as stated herein and/or had personal knowledge of said barrier(s) and knew it would be

17 a futile gesture to attempt to overcome it/them because of his disability.

18     27.    At all times and place, each architectural element as stated herein that did

19 not strictly comply with or substantially comply with the ADAAG minimum requirements

20 constituted an architectural barrier which precluded plaintiff CRAIG YATES from full and equal

21 opportunities afforded to non disabled persons to the goods and services of the BANGKOK

22 THAI EXPRESS.

23     28.    Plaintiff CRAIG YATES was and is deterred from returning to BANGKOK THAI

24 EXPRESS so long as architectural barrier(s) complained of that he encountered, as stated herein

25 are not ADAAG compliant.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29.     At said times and place, when plaintiff CRAIG YATES encountered the architectural barriers as stated herein, plaintiff CRAIG YATES in seeing a barrier(s) and/or attempting to overcome the barriers to gain access experienced any one or combination of physical difficulty, discomfort, embarrassment, stress, strain, fatigue, anger, annoyance and disappointment.  This arose from plaintiff's physical inability to effectively use his upper extremities to easily overcome the architectural barriers as stated herein.  This constitutes a denial of full and equal access to the subject public accommodation and a denial of the opportunity to independently enjoy and participate in the opportunities, goods and services offered to non disabled persons and patrons, invitees and guests.

30.     Said architectural barrier(s) as stated herein deprived and deterred plaintiff CRAIG YATES the same full and equal access that a non wheelchair user/non disabled person would enjoy while engaging in the goods, service and opportunities offered at the subject BANGKOK THAI EXPRESS.

31.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

32.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury in the general form of stress, strain, pain, and fatigue either individually or in combination of one or more.

///
///
///
///

33.     As a legal result of defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

34.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff CRAIG YATES suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, 54.3, *et seq*.  And, plaintiff CRAIG YATES suffered bodily injury on or about June 4, 2013 and August 8, 2013, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing women's restroom by not moving the table in it, which blocks the water closet, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to reach up, over and to the side to empty his leg beg and then to flush the toilet.

35.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.     Defendants' and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

37.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, because defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990 maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance and restrooms, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

38.     Construction alterations, if any, carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

39.     Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG and California Building Code.

40.     Defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

41.     Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §51, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as pled herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff seeks an order from this court compelling defendants to make the BANGKOK THAI

2  EXPRESS accessible to persons with disabilities.

3      42.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the

4  BANGKOK THAI EXPRESS to be made accessible to meet the requirements of both California

5  law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as

6  defendants operate the BANGKOK THAI EXPRESS as a public facility.

7      43.    Plaintiff believes that even with service of the summons and complaint on

8  defendant(s) and each of them, that defendant(s) will not , under their "continuing obligation"

9  immediately undertake remedial action to identify and remove architectural barriers.

10      44.    Plaintiff CRAIG YATES seeks damages for violation of his civil rights on June 4,

11  2013 and August 8, 2013 and seeks statutory damages of not less than $4,000, pursuant to Civil

12  Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that

13  the trier of fact (court/jury) determines was the date that some or all remedial work should have

14  been completed under the standard that the landlord and tenant had an ongoing duty to identify

15  and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

16  CRAIG YATES from returning to the subject public accommodation because of his knowledge

17  and/or belief that neither some or all architectural barriers had been removed and that said

18  premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

19  The acts and omission of defendants, and each of them, in failing to provide the required

20  accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied

21  malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with

22  a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated

23  persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to

24  make a more profound example of defendants, and each of them, to other operators and landlords

25  of other restaurants and other public facilities, and to punish defendants and to carry out the

26  purposes of  the Civil Code §§ 51, 51.5 and 54.

27  ///

28  ///

45.      Plaintiff is informed and believes and therefore alleges that defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, and each of them, caused the subject building(s) which constitute the BANGKOK THAI EXPRESS to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the BANGKOK THAI EXPRESS and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of BANGKOK THAI EXPRESS and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community.  Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

46.      Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the BANGKOK THAI EXPRESS and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, coming into contact with public - accommodations with accessible elements and facilities since January 26, 1991, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Defendants' failure, under state and federal law, to make the BANGKOK THAI EXPRESS

2   accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

3   other similarly situated persons with disabilities.  Despite being informed of such effect on

4   plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

5   defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

6   situation and to provide full and equal access for plaintiff and other persons with physical

7   disabilities to the subject restaurant. Said defendants, and each of them, have continued such

8   practices, in conscious disregard for the rights of plaintiff and other persons with physical

9   disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had

10  further actual knowledge of the architectural barriers referred to herein by virtue of the demand

11  letter addressed to the defendants and served concurrently with the summons and complaint.  Said

12  conduct, with knowledge of the effect it was and is having on plaintiff and other persons with

13  physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety

14  of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per

15  Civil Code §§52 and 54.3.

16      47.   Plaintiff CRAIG YATES and the disability community, consisting of persons with

17  disabilities, would, could and will return to the subject public accommodation when it is made

18  accessible to persons with disabilities.

19  **I.   FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
20  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI
21     EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and
       DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE
22     KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive)
23     (42 U.S.C. §12101, *et seq.*)

24      48.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

25  the allegations contained in paragraphs 1 through 47 of this complaint.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

49.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

50.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

51.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
> (B) a restaurant, bar or other establishment serving food or drink.
>
> 42 U.S.C. §12181(7)(B)

///

///

52. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

53. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

54.     The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of BANGKOK THAI EXPRESS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

55.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

56.     On information and belief, construction work on, and modifications of, the subject building(s) of BANGKOK THAI EXPRESS occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

57.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302.  Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about August 8, 2013, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

59.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

II.     **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

60.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

61.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

62.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

63.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

64.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to defendants' BANGKOK THAI EXPRESS. As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or have been deterred from visiting the BANGKOK THAI EXPRESS because of his knowledge and belief that the subject restaurant is inaccessible to persons with disabilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

> Civil Code §54.3(a)

65. On or about June 4, 2013 and August 8, 2013, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the entrance and restrooms and other public facilities as stated herein at the BANGKOK THAI EXPRESS and on the basis that plaintiff CRAIG YATES was a person with physical disabilities.

66. As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiff CRAIG YATES suffered violations of plaintiff's civil rights, including but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq*. And, plaintiff CRAIG YATES suffered bodily injury on or about June 4, 2013 and August 8, 2013, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing women's restroom by not moving the table in it, which blocks the water closet, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to reach up, over and to the side to empty his leg beg and then to flush the toilet.

///
///
///
///

67.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expected and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences.  No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

68.     Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about June 4, 2013 and August 8, 2013, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

69.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

III.  **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive)
(Health & Safety Code §19955, *et seq.*)

70.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 69 of this complaint.

71.  Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

72.  Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the BANGKOK THAI EXPRESS and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the BANGKOK THAI EXPRESS and/or the building(s) had alterations, structural repairs, and/or additions made to such public - accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///
///
///
///

73.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of BANGKOK THAI EXPRESS and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

74.     Restaurants such as the BANGKOK THAI EXPRESS are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

75.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil rights and plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

76.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiff's own interests and in order to enforce an important right affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2      77.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
6  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
          SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
7  (On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI
   EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and
8  DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE
   KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive)
9  (Civil Code §51, 51.5)

10     78.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

11 the allegations contained in paragraphs 1 through 77 of this complaint.

12     79.     Defendants' actions and omissions and failure to act as a reasonable and prudent

13 public accommodation in identifying, removing and/or creating architectural barriers, policies,

14 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

15 Unruh Act provides:

16              This section shall be known, and may be cited, as the Unruh
                Civil Rights Act.
17
18              All persons within the jurisdiction of this state are free and
                equal, and no matter what their sex, race, color, religion, ancestry,
                national origin, or **disability** are entitled to the full and equal
19              accommodations, advantages, facilities, privileges, or services in all
                business establishments of every kind whatsoever.
20
21              This section shall not be construed to confer any right or
                privilege on a person that is conditioned or limited by law or that is
                applicable alike to persons of every sex, color, race, religion,
22              ancestry, national origin, or **disability.**

23              Nothing in this section shall be construed to require any
                construction, alteration, repair, structural or otherwise, or
24              modification of any sort whatsoever, beyond that construction,
                alteration, repair, or modification that is otherwise required by other
25              provisions of law, to any new or existing establishment, facility,
                building, improvement, or any other structure . . . nor shall anything
26              in this section be construed to augment, restrict, or alter in any way
                the authority of the State Architect to require construction,
27              alteration, repair, or modifications that the State Architect otherwise
                possesses pursuant to other . . . laws.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) shall
> also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

80.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell to,
> or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of
> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,
> suppliers, or customers.

> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,
> limited liability company, or company.

> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or
> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything
> in this section be construed to augment, restrict or alter in any way
> the authority of the State Architect to require construction,
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other laws.

81.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the
2 | Americans with Disabilities Act at ¶48, *et seq.*, as if repled herein.

3 | 82. As a result of the denial of equal access to defendants' facilities due to the acts and
4 | omissions of defendants, and each of them, in owning, operating and maintaining these subject
5 | public facilities, plaintiff CRAIG YATES suffered violations of plaintiff's civil rights, including
6 | but not limited to rights under Civil Code §§51, 52, 54, 54.1, and 54.3, *et seq.* And, plaintiff
7 | CRAIG YATES suffered bodily injury on or about June 4, 2013 and August 8, 2013, including,
8 | but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring
9 | up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of
10 | defendants negligence in the design, construction and maintenance of the existing women's
11 | restroom by not moving the table in it, which blocks the water closet, plaintiff suffered
12 | continuous, repetitive and cumulative trauma to his right upper extremity while attempting to
13 | reach up, over and to the side to empty his leg beg and then to flush the toilet.

14 | 83. Further, plaintiff CRAIG YATES suffered emotional distress, mental
15 | distress, mental suffering, mental anguish, which includes, but is not limited to, shame,
16 | humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and
17 | naturally associated with a person with physical disabilities encountering architectural barrier(s)
18 | as stated herein and being denied access, all to his damages as prayed hereinafter in an amount
19 | within the jurisdiction of this court.  No claim is being made for mental and emotional distress
20 | over and above that is usually associated with the encountering of architectural barriers and
21 | legally resulting in adverse experiences.  No expert testimony regarding this usual mental and
22 | emotional distress will be presented at trial in support of the claim for damages.

23 | 84. Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a) of the
24 | Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
25 | mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
26 | allowed by statute, according to proof if deemed to be the prevailing party.

27 | ///

28 | ///

1  **PRAYER:**

2      Plaintiff prays that this court award damages and provide relief as follows:

3  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive) (42 U.S.C. §12101, *et seq.*)

        1.      For injunctive relief, compelling defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive, to make the BANGKOK THAI EXPRESS, located at 857 4th Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

        2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

        3.      For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
    (On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive) (California Civil Code §§54, 54.1, 54.3, *et seq.*)

        1.      For injunctive relief, compelling defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive, to make the BANGKOK THAI EXPRESS, located at 857 4th Street, San Rafael, California, readily accessible to and usable by individuals with disabilities, per state law.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and

2 for each occasion on which plaintiff was deterred from returning to the subject public

3 accommodation.

4    3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure

5 §1021.5, if plaintiffs are deemed the prevailing party;

6    4.      Treble damages pursuant to Civil Code §54.3;

7    5.      General damages according to proof;

8    6.      For all costs of suit;

9    7.      Prejudgment interest pursuant to Civil Code §3291; and

10    8.      Such other and further relief as the court may deem just and proper.

11 **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
       SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
12       §19955, *ET. SEQ.***
       (On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI
13       EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and
       DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE
14       KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive)
       (Health & Safety code §19955, *et seq.*)
15

16    1.      For injunctive relief, compelling defendants BANGKOK THAI EXPRESS,

17 INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J.

18 KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY

19 TRUST of 1990, u/d/t dated July 14, 1990, inclusive, to make the BANGKOK THAI

20 EXPRESS, located at 857 4th Street, San Rafael, California, readily accessible to and usable by

21 individuals with disabilities, per state law.

22    2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

23 alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

24    3.      For all costs of suit;

25    4.      For prejudgment interest pursuant to Civil Code §3291;

26    5.      Such other and further relief as the court may deem just and proper.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants BANGKOK THAI EXPRESS, INC., a California Corporation dba BANGKOK THAI EXPRESS; and DONALD J. KELLEHER and DONNA B. KELLEHER, Co-Trustees of THE KELLEHER FAMILY TRUST of 1990, u/d/t dated July 14, 1990, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

7. Such other and further relief as the court may deem just and proper.

Dated: November 4, 2013              THOMAS E. FRANKOVICH,
                                                       *A PROFESSIONAL LAW CORPORATION*


                                                       By: _____/s/Thomas E. Frankovich_____
                                                                    Thomas E. Frankovich
                                                       Attorneys for Plaintiff CRAIG YATES

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: November 4, 2013                    THOMAS E. FRANKOVICH,
                                           *A PROFESSIONAL LAW CORPORATION*


                                           By: _____/s/Thomas E. Frankovich_____
                                                   Thomas E. Frankovich
                                           Attorneys for Plaintiff CRAIG YATES

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES